29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christina Jay ACKER, Plaintiff-Appellant,
v.
Mary VERMEER, et al., Defendants-Appellees.
 No. 93-16059.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Christina J. Acker appeals pro se the district court's judgment on the pleadings in favor of defendants in her 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 12(c). Acker contends that the defendants violated her Constitutional rights by: (a) being deliberately indifferent to a risk of physical harm posed by another inmate; (b) denying her right to due process in a classification hearing; (c) denying her right to access to the courts; and (d) violating her right to privacy. Acker also contends that the district court erred by declining to exercise pendant jurisdiction over her state negligence claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal on the pleadings pursuant to Fed.R.Civ.P. 12(c). McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988). We review the district court's dismissal of pendant state claims for abuse of discretion. Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985).
 
 
 4
 All allegations of fact made by a party opposing judgment on the pleadings will be accepted as true. McGlinchy, 845 F.2d at 802. This court will affirm dismissal if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. Id.
 
 
 5
 To establish liability under Sec. 1983, the plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 6
 1. Deliberate indifference to threat of serious harm
 
 
 7
 A prisoner may establish a Sec. 1983 claim under the Eighth and Fourteenth Amendments against prison officials who acted with deliberate indifference to the threat of serious harm or injury by another prisoner. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988); Berg v. Kinchloe, 794 F.2d 457, 460 (9th Cir.1986). Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 62 U.S.L.W. 4446, 4449 (U.S. June 6, 1994).
 
 
 8
 Acker contends that prison officials violated her Eighth Amendment rights by acting with deliberate indifference to the threat of serious harm by inmate Steinhardt. This contention lacks merit. First, Acker identifies no instance in which inmate Steinhardt physically harmed her. Second, when Acker informed prison officials on April 10, 1992 that Steinhardt had threatened her, they immediately offered her protective custody. Acker, however, refused the offer. Third, when Acker informed Deputy Warden Vermeer on April 13 that Steinhardt made a second threat to kill her, Acker was immediately placed in protective segregation. Thus, because Acker failed to demonstrate that she was physically harmed by inmate Steinhardt, and because prison officials took proactive steps in segregating her when they learned of the threats, Acker's claim that they were deliberately indifferent to a known risk of harm is deficient. See Farmer, 62 U.S.L.W. at 4449; Leer, 844 F.2d at 633; Berg, 794 F.2d at 462.
 
 2. Wrongful administrative segregation
 
 9
 A protected liberty interest may arise either from the Due Process Clause itself, or from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Prisoners do not have a liberty interest in remaining with the general prison population under the Due Process Clause, Hewitt v. Helms, 459 U.S. 460, 468 (1983), nor under Arizona state law, McFarland v. Cassady, 779 F.2d 1426, 1426 (9th Cir.1986). However, prisoners who are placed in administrative segregation must be provided with an informal, nonadversarial review of the information supporting the administrative confinement within a reasonable time after confinement. Hewitt, 459 U.S. at 472; McFarland, 779 F.2d at 1428.
 
 
 10
 Acker contends that prison officials violated her rights under the Due Process Clause of the Fourteenth Amendment by placing her in administrative segregation for eleven days. This contention lacks merit. Because Acker does not have a liberty interest in remaining with the general prison population under the Due Process clause, nor under Arizona state law, prison officials did not violate her Fourteenth Amendment rights when they placed her in involuntary protective custody for eleven days prior to a classification hearing. See Hewitt, 459 U.S. at 468; McFarland, 779 F.2d at 1426. Moreover, even if she had a liberty interest in remaining within general population, Acker admits that she was provided with the informal, nonadversarial review necessary to comport with the minimal due process required after placement in protective segregation. See Hewitt, 459 U.S. at 472; McFarland, 779 F.2d at 1428.
 
 3. Access to the courts
 
 11
 The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries. Bounds v. Smith, 430 U.S. 817, 828 (1977). The main concern is "protecting the ability of an inmate to prepare a petition or complaint." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). If a prisoner does not establish denial of adequate law libraries or assistance from a legally trained person, the prisoner must show some specific instance in which he or she was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Prison officials may regulate the time, manner and place in which library facilities are used. Id. at 1169; Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 855 (9th Cir.1985).
 
 
 12
 Acker contends that prison officials denied her right to access to the courts by: (a) limiting her direct access to the law library while she was in involuntary protective segregation; (b) failing to provide her with a typewriter; and (c) delaying her requests for legal telephone calls. These contentions lack merit.
 
 
 13
 First, prior to Acker's placement in involuntary protective segregation, she admits that she received access to the prison library for at least ten hours each week. During her eleven-day placement in protective custody, Acker did not have direct access to the library, but was able to receive books, forms and copies for the purposes of pursuing her legal actions. In fact, Acker was able to submit a handwritten pleading to the district court in another case while she was in protective custody. Thus, because Acker fails to show that she was denied the use of the law library while she was in protective segregation, and because prison officials may regulate the time, manner and place in which library facilities are used, her claim that defendants denies her access to the courts is deficient. See Bounds, 430 U.S. at 828; Sands, 886 F.2d at 1169; Lindquist, 776 F.2d at 855.
 
 
 14
 Second, Acker failed to show that she suffered any adverse legal ruling or other actual injury as a result of prison official's failure to provide her with a typewriter to draft documents or delays in making legal telephone calls. Thus her remaining denial of court access claims against prison officials are deficient. See Wolff, 418 U.S. at 576; Sands, 886 F.2d at 1171.
 
 4. Violation of right to privacy
 
 15
 Acker contends that prison officials violated her Fourth Amendment right to privacy when, outside her presence, they searched through her property, which included three boxes of legal materials. This contention lacks merit because the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).
 
 
 16
 Accordingly, because Acker failed to present facts to support her Sec. 1983 claims, the district court did not err in dismissing Acker's civil rights action pursuant to Fed.R.Civ.P. 12(c). See McGlinchy, 845 F.2d at 802; Karim-Panahi, 839 F.2d at 624.
 
 5. Pendant jurisdiction claim
 
 17
 Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed. 28 U.S.C. Sec. 1367(c)(3); Schultz, 759 F.2d at 718.
 
 
 18
 Because Acker's Sec. 1983 claims were dismissed pursuant to Fed.R.Civ.P. 12(c), the district court did not abuse its discretion in dismissing her pendant state negligence claims. See 28 U.S.C. Sec. 1367(c)(3); Schultz, 759 F.2d at 718.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3